## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Jeanine L. Hoffman

v.

Shawn W. Hoffman

August 26, 1997

Case No. (Chancery) CH96-1706

BY JUDGE FREDERICK B. LOWE

This case comes to the Court on Defendant's exceptions to Commissioner in Chancery James A. Evans' Report filed July 14, 1997 (the "Report"). Specifically, Defendant excepted to the Commissioner's recommendation in paragraph 14 of the Report, which recommended that primary physical custody of the couple's children be with the Complainant.

The appropriate standard of review by this Court has been repeatedly and consistently defined and applied by the Supreme Court of Virginia as follows:

> While the report of a commissioner in chancery does not carry the weight of a jury's verdict, Code of Virginia § 8.01-610, it should be sustained unless the trial court concludes that the commissioner's findings are not supported by the evidence. This rule applies with particular force to a commissioner's findings of fact based upon evidence taken in his presence but is not applicable to pure conclusions of law contained in the report. On appeal, a decree which approves a commissioner's report will be affirmed unless plainly wrong ... .

*Hill v. Hill*, 227 Va. 569, 576-77 (1984) (citations omitted); *see also Yeskolski v. Crosby*, 253 Va. 148, 152-153 (1997); *Jamison v. Jamison*, 3 Va. App. 644, 645-646 (1987). The report of a Commissioner in Chancery who hears the evidence *ore tenus*, as he did in the case at bar, is entitled to great weight and

should not be disturbed unless its conclusions are unsupported by the evidence. *Bailey v. Pioneer Fed. Sav. & Loan Assn.*, 210 Va. 558, 562 (1970).

In the case before the Court, the transcript of the Commissioner's hearing contains evidence to support the Commissioner's recommendation that the parties share joint legal custody of the children with the Complainant having their primary physical care. The Commissioner's recommendation that primary physical custody be granted to the Complainant was made after a hearing *ore tenus* that generated a 312 page transcript. This transcript of the Commissioner's hearing contains testimonial evidence — often contradictory — from twenty-five witnesses, including the parties themselves, their co-workers, relatives, and friends. Documentary evidence relating to various matters, including the parties' financial, educational, and employment status was also taken by the Commissioner at the hearing. The testimonial evidence ranges from the alcohol and drug use of the parties to expert testimony from a child psychologist concerning the Defendant's non-participation in the oldest child's therapy.

It simply cannot be said that there is no evidence to support the Commissioner's recommendation. Since the Commissioner was in the best position to observe the demeanor of the witnesses, and hence evaluate their relative credibility, he was consequently in the best position to resolve conflicts in the evidence, such as the extent of the Defendant's alcohol use. (Tr. 273, 279.)

Since the Commissioner's recommendation has evidentiary support, the Defendant's exceptions are overruled, and the Report is confirmed.